```
 1  Kent Khtikian, Esq. (#99843)
    Conor D. Mack, Esq. (#253878)
 2  Katzenbach and Khtikian
    1714 Stockton Street, Suite 300
 3  San Francisco, California  94133-2930
    Telephone: (415) 834-1778
 4  Facsimile: (415) 834-1842

 5  Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY VACATION AND HOLIDAY TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; TILE INDUSTRY PROMOTION FUND OF NORTHERN CALIFORNIA, INC., a not-for-profit California corporation; TILE EMPLOYERS CONTRACT ADMINISTRATION FUND; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND, <br><br>       Plaintiffs, <br><br> vs. <br><br> S &S TILE & STONE INSTALLATION INC., a California corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, <br><br>       Defendants. | CASE NO: 11-4214 EDL <br><br> PLAINTIFFS' REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; <br><br> [~~proposed~~] ORDER RESETTING CASE MANAGEMENT CONFERENCE <br><br><br><br> Date:      December 6, 2011 <br> Time:      3:00 p.m. <br> Courtroom: E, 15th Floor <br>            (San Francisco) |

Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b), Plaintiffs hereby

submit this Case Management Statement And Proposed Order.

Plaintiffs respectfully request that the Court continue the Case Management Conference currently scheduled for December 6, 2011 for 90 days, until March 6, 2012, for the following reasons.

Plaintiffs and Defendants S&S Tile & Stone Installation Inc., (hereinafter "S&S") and American Contractors Indemnity Company ("ACIC") have been negotiating in the hopes of reaching an out of Court settlement.

A 90 day continuance will allow Plaintiffs and Defendants time to continue settlement negotiations in earnest. Should negotiations not result in a settlement, the continuance would allow enough time for Plaintiffs to prepare and serve a First Amended Complaint alleging additional damages owed by Defendants that Plaintiffs' were not aware of when they filed their original Complaint. Should Plaintiffs need to file and serve the First Amended Complaint, the 90 day continuance would further allow enough time for Defendants to Answer or otherwise respond to the First Amended Complaint.

ACIC executed a Waiver of Service of Summons on October 26, 2011. (See Document 6 herein) S&S was served with the Summons and Complaint on November 7, 2011. (Document 7) Neither S&S nor ACIC have answered the Complaint.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN AFL-CIO, LOCAL UNION NO. 3 (hereinafter "Bricklayers Local Union No. 3") and Defendant S&S were parties to a collective bargaining agreement (the "Agreement") at all times material to this action. Pursuant to the terms of the Agreement, S&S agreed to pay certain wages and fringe benefits for all hours worked in the 46 Northern California counties within the Union's geographic jurisdiction by persons employed by S&S as tile employees.

Plaintiffs allege that S&S has breached the Agreement and violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), by refusing or failing to: (i) to pay fringe benefit contributions for work performed from July 1, 2011 through present and as disclosed by an Audit totaling at least $1,767.71 and interest thereon; (ii) to pay fringe benefits

and wages when due; (iii) to pay liquidated damages in the amount of at least $25,842.84 and interest on late payments of fringe benefits as agreed; (iv) to pay auditor's fees in the amount of $940.00; and (v) to submit monthly report forms covering July 1, 2011 to present.

Plaintiffs allege that S&S obtained a contractor's license bond underwritten by ACIC pursuant to California Business and Professions Code section 7071.6. This bond indemnifies persons employed by S&S for S&S's failure to pay full wage and fringe benefit contributions due.

**B. PRINCIPAL ISSUES**

**1. The principal factual issues that the parties dispute are:**

As neither S&S nor ACIC have answered or otherwise appeared, there are no factual issues in dispute.

**2. The principal legal issues that the parties dispute are:**

As neither S&S nor ACIC have answered or otherwise appeared, there are no legal issues in dispute.

**3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue remain unresolved:**

None.

**4. The following parties have not yet been served:**

None.

**5. Any additional parties that a party intends to join are listed below:**

None at this time.

. **6. Any additional claims that a party intends to add are listed below:**

None.

**C. ALTERNATIVE DISPUTE RESOLUTION**

**The parties make the following additional suggestions concerning settlement:**

Plaintiffs request a settlement conference before a United States Magistrate Judge.

**The Court hereby orders:**

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to proceed before a magistrate judge and filed their consent to proceed before a magistrate judge on October 11, 2011 as document 5 herein.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**E. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

As neither S&S nor ACIC have has not yet answered or otherwise appeared, Plaintiffs have not yet served their initial disclosures.

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

    **a. Disclosed by plaintiffs:**

None.

    **b. Disclosed by Defendants:**

None.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

    **a. Categories of documents disclosed by Plaintiffs:**

None.

    **b. Categories of documents disclosed by Defendants:**

None.

**3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

On the basis of reports submitted to Plaintiffs by S&S, an audit conducted by Plaintiffs on S&S, Plaintiffs believe that the principal amount owed to Plaintiffs is at least $29,442.91.

This excludes accruing interest, attorney's fees and all costs, all of which Plaintiffs will seek as additional damages.

**4.  All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

Plaintiffs will serve their initial disclosures after Defendants answer or otherwise appear.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

Every 30 days commencing April 1, 2012 if supplemental information is discovered.

**F. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

Should Defendants not answer or otherwise appear, Plaintiffs will request that the Clerk enter Defendants' default and then file a motion for default judgment.

**G. DISCOVERY**

**1. The parties have conducted or have underway the following discovery:**

None.

**2. The parties propose the following discovery plan:**

The deadline for completion of all discovery, expert and non-expert be September 28, 2012 and that the dates for filing of dispositive motions will be November 30, 2012

and trial be 90 days thereafter.

The parties are to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than July 27, 2012.

**3. Limitations on discovery tools.**

    **a. depositions (excluding experts) by:**

        **plaintiffs:** no limit    **defendant:** no limit

    **b. interrogatories served by:**

        **plaintiffs:** 25

        **defendants:** 25

    **c. document production requests served by:**

        **plaintiffs:** no limit    **defendants:** no limit

    **d. requests for admission served by:**

        **plaintiffs:** no limit    **defendants:** no limit

**4. The parties propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts.**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph G(2) above.

///

///

**H. PRETRIAL AND TRIAL SCHEDULE**

    **1. Trial date:** None set.

    **2. Anticipated length of trial (number of days):** 1 to 2 days.

    **3. Type of trial:** Court.

    **4. Final pretrial conference date:**

    **5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

    **6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

    **7. Deadline to hear motions directed to the merits of all or part of the case:** See paragraph G2 above.

    **NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes preparation of that joint pretrial conference statement and all other materials required by § H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See FRCivP 16(d).)**

**I. Date of next case management conference:**

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

 /s/ Kent Khtikian
Kent Khtikian, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs


~~[proposed]~~ ORDER CONTINUING CASE MANAGEMENT CONFERENCE

Good cause appearing, the Court hereby orders that the Case Management Conference scheduled for December 6, 2011 is rescheduled for March 6, 2012 at 3:00 p.m.  A joint case management conference statement shall be filed no later than February 28, 2012.

IT IS SO ORDERED

Dated: December 1, 2012                    _____
                                            Hon. Elizabeth D. Laporte
                                            United States Magistrate Judge


PROOF OF SERVICE BY MAIL

I am a resident of the County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is Katzenbach and Khtikian, 1714 Stockton Street, Suite 300, San Francisco, California 94133.  I served the within:

1. PLAINTIFFS' REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [proposed] ORDER CONTINUING CASE MANAGEMENT CONFERENCE

on all defendants remaining in this proceeding, by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid in the United States Mail at San Francisco, California, on November 30, 2011 addressed as follows:

Len ReidReynoso
Medina & ReidReynoso
908 C St., Ste. B
Galt, CA 95632
(Attorney for S&S Tile & Stone Installation Inc.)

American Contractors Indemnity Company
Attn: Tracey Payton
601 South Figueroa St., Ste. 1600
Los Angeles, CA 90017

    I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 30, 2011.

          /s/ Steve Raby
            Steven Raby